# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BROOKHART, SALUSSOLIA, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JEFFREY R. ARNOLD**
**United States Army, Appellant**

ARMY 20180418

Headquarters, III Corps and Fort Hood
G. Bret Batdorff, Military Judge
Colonel Joseph M. Fairfield, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Timothy G. Burroughs, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Hannah E. Kaufman, JA; Captain Christopher T. Leighton, JA (on brief).

17 December 2019

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SCHASBERGER, Judge:

Sergeant Jeffrey R. Arnold contends that the conditions of his confinement unlawfully increased his sentence. Specifically, that the confinement facility's policy regarding contact with his biological children violates his constitutional right to association, and this violation effectively increased his sentence. We disagree.

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of one specification of sexual assault of a child and one specification of sexual abuse of a child, in violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b [UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for ten years, and reduction to the grade of E-1. In accordance with a pretrial agreement, the convening authority

approved a sentence of a dishonorable discharge, confinement for seven years, and reduction to the grade of E-1. The convening authority also credited appellant with two days against his sentence to confinement. Appellant's case is now before us for review under Article 66, UCMJ.

## BACKGROUND

### The Offense

In 2016, AA, appellant's daughter from a previous relationship, came to live with appellant. She quickly became friends with the neighbors' eleven-year-old daughter, KP. The two girls spent a considerable amount of time together, to include KP frequently spending the night at appellant's house. On several occasions while the two girls were laying on AA's bed, appellant laid down next to KP and touched her breast and genitalia over her clothing. Eventually, he touched her under her clothing, to include penetrating KP's vagina with his fingers. In total, appellant molested KP with AA in the same room on several occasions.

Appellant pleaded guilty to sexually assaulting and sexually abusing KP on multiple occasions. He admitted to the offenses and described how his daughter was in the room, on the same bed, watching anime or movies while the assaults and abuses occurred. Though appellant admitted his guilt and described his actions, AA's mother testified to appellant's great parenting skills and proclaimed his innocence.

### Conditions of Confinement

On 29 August 2018, appellant began to serve his sentence to confinement at the Joint Regional Confinement Facility (JRCF) at Fort Leavenworth, Kansas. Pursuant to the JRCF policy on visitation and communication in effect at the time, appellant was forbidden from having any contact with his daughters[1] upon his arrival. Appellant requested an exception to the JRCF policy in September 2018 and again in December 2018; both of which were denied. In June 2019, appellant received permission from the JRCF to write letters to AA, with any further contact conditioned on his showing progress on his sex offender treatment.[2]

---

[1] After appellant molested KP but before trial, appellant got married and had a second daughter. Appellant's younger daughter was approximately eight-months-old when he first arrived at the JRCF.

[2] Appellant has sought sex offender treatment, but due to a waiting list for treatment, he will not be able to begin or complete the treatment for several years.

## LAW AND DISCUSSION

Appellant alleges that the JRCF visitation and communication policy unlawfully increased his sentence in violation of his First Amendment right to association.[3] We disagree with appellant's contention.

Appellant urges us to look to the dissent in *United States v. Jessie*, No. ARMY 20160187, 2018 CCA LEXIS 609 (Army Ct. Crim. App. 28 Dec. 2018), and conclude that appellant's sentence was unlawfully increased. This argument fails because appellant's case is distinguishable from *Jessie* in meaningful ways.

First, in *Jessie*, the visitation issue was intertwined with an excessive delay in post-trial processing. 2018 CCA LEXIS 609, at *35-37 (Schasberger, J., dissenting). Second, unlike in *Jessie*, where Chief Warrant Officer Two (CW2) Jessie's biological children were in no way involved in his crimes, that is not the case with appellant. *Id.* at 3-4 Though appellant's daughter, AA, was not the charged victim of his crimes, he perpetrated those crimes—that is sexually assaulting and sexually abusing a child—in the same bed where his daughter was laying. Finally, CW2 Jessie went years with no contact with his biological children with no end in sight. *Id.* at 4-5. By contrast, within nine months of incarceration, appellant was able to send letters to AA.

There is no question that some right to association for prisoners survives incarceration.[4] However, that right is not absolute. *See generally Turner v. Safley*, 482 U.S. 78 (1987). We apply the factors articulated in *Turner* to determine if a prison policy is unconstitutional. Those factors are: "[1] whether the regulation has a 'valid, rational connection' to a legitimate governmental interest; [2] whether alternative means are open to inmates to exercise the asserted right; [3] what impact an accommodation of the right would have on guards and inmates and prison resources; and [4] whether there are 'ready alternatives' to the regulation." *Overton*, 539 U.S. at 132 (quoting *Turner*, 482 U.S. at 89-91).

---

[3] In his brief, appellant states his Fifth Amendment rights were also violated, but does not provide a basis for the alleged violation. Accordingly, we find no merit in appellant's claim related to the alleged violation of his Fifth Amendment rights.

[4] The Supreme Court addressed this issue in *Overton v. Bazzetta*, holding that though "[s]ome curtailment of [the freedom of association] must be expected in the prison context," "[w]e do not hold, and we do not imply, that any right to intimate association is altogether terminated by incarceration or is always irrelevant to claims made by prisoners." 539 U.S. 126, 131 (2003).

After considering the evidence provided by appellant in his submissions to the convening authority and this court, we find the current JRCF policy satisfies the *Turner* factors. Specifically, we find the ability to send letters is a sufficient alternative to visitation, and rationally related to a legitimate governmental objective. Accordingly, we find that a nine-month delay in contact with his daughter did not increase appellant's sentence.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

Senior Judge BROOKHART and Judge SALUSSOLIA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BROOKHART, SALUSSOLIA, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JEFFREY R. ARNOLD**
**United States Army, Appellant**

ARMY 20180418

------------------------------------------------------------------
NOTICE OF COURT-MARTIAL ORDER CORRECTION
------------------------------------------------------------------

IT IS ORDERED THAT, to reflect the true proceedings at the trial of the above-captioned case,

GENERAL COURT-MARTIAL ORDER NUMBER 1, HEADQUARTERS, III CORPS AND FORT HOOD, FORT HOOD, TEXAS 76544, dated 17 January 2019,

IS CORRECTED AS FOLLOWS:

BY reflecting "Charge I" as "The Charge" and by reflecting the Plea to this charge as "Guilty."

DATE: 17 December 2019

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court